**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE CLAIRE R. KELLY**

```
_____x
                                    :
GARG TUBE EXPORT LLP and GARG TUBE  :
LIMITED,                            :
                                    :
             Plaintiffs,            :
                                    :
        v.                          :
                                    :   Court No. 20-00026
UNITED STATES,                      :
                                    :
             Defendant,             :
                                    :
        and                         :
                                    :
NUCOR TUBULAR PRODUCTS INC., and    :
WHEATLAND TUBE,                     :
                                    :
             Defendant-Intervenors. :
_____x
```

**PLAINTIFFS' COMMENTS ON REMAND REDETERMINATION**

Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Garg") submit the following comments regarding the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Order, filed by Defendant United States on October 7, 2021, ECF 73-74, C.R.R. 8, P.R.R. 7 ("Remand"), in response to this Court's instructions in *Garg Tube Export LLP v. United States*, Slip Op. 21-83, 2021 WL 3028127 (July 9, 2021), in the above-captioned appeal of Commerce's 2017-18 administrative review ("AR17-18") of the antidumping duty ("ADD") order on circular welded carbon steel standard pipes and tubes ("CWP") from India. As discussed in turn below, this Court should affirm Commerce's Remand: (1) not to apply adverse facts available ("AFA") to Garg because of the failure of Garg's supplier to fully respond to Commerce's request for information; and (2) to reject a cost-

based particular market situation ("PMS") adjustment in the below cost analysis of home market sales. This Court, however, should remand Commerce's decision to continue to apply a PMS adjustment to Garg's constructed value ("CV") in the manner discussed below.

## BACKGROUND

Garg initiated this appeal challenging two aspects of Commerce's final results of AR17-18 of the ADD order on CWP from India: the application of AFA arising from its unaffiliated suppliers' non-cooperation in providing cost of production ("COP") data; and the finding during the period of review of a cost based PMS in India for hot-rolled coil ("HRC") that distorted the costs of CWP, warranting an adjustment to Garg's calculated ADD margin. Complaint (Jan. 30, 2020), at 6-7; *Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 2,715 (Jan. 16, 2020), P.R. 256, Issues and Decision Memorandum, P.R. 252, Comments 1-3, 7.

This Court on July 9, 2021, ordered remand in favor of Garg. *Garg*, 2021 WL 3028127. In particular, this Court invalidated Commerce's: application of AFA, *id*. *7-9; and PMS adjustment to Garg's reported COP for purposes of the sales-below-cost test, *id*. at 6-7. In its Remand, Commerce followed this Court's instructions by eliminating both the AFA application and PMS adjustment in the context of Garg's sales-below-cost analysis. Remand at 8-10, 17-22, 25-26 & 29-33. Commerce, however, maintained its cost based PMS finding for HRC in the context of establishing Garg's normal value ("NV") based on the constructed value ("CV") methodology. Remand at 8-22, 25-26, 29-33. As a result, Commerce's Remand reduced Garg's AR17-18 ADD margin from 11.83 percent to 1.73 percent. *Id*. at 33.

**STANDARD OF REVIEW**

"The court reviews remand determinations for compliance with the court's remand order." *Nakornthai Strip Mill Pub. Co. v. United States*, 587 F.Supp.2d 1303 (2008). As with any aspect of Commerce's final determination in an ADD proceeding, this Court must hold unlawful a remand redetermination that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938).

I. **COMMERCE'S REMAND PROPERLY ELIMINATES APPLICATION ON AFA**

Commerce's Remand properly recalculated Garg's ADD margin "by relying on neutral facts available to fill the COP gap caused by the supplier's non-cooperation." Remand at 3, 17-26, 29-33. This redetermination complies with this Court's specific instruction by invalidating Commerce's application of AFA. *Garg*, 2021 WL 3028127, *5-7. The resulting use of neutral facts available instead is supported by substantial evidence for the reasons already detailed in Garg's briefs to this Court. *See* Memorandum of Law in Support of Plaintiffs' Motion for Judgment on the Agency Record (Aug. 17, 2020), ECF 32-33 ("Garg Opening Brief"), at 38-49; Plaintiffs' Reply to Defendant and Defendant-Intervenors' Responses to Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record (Feb. 26, 2021), ECF 47-48 ("Garg Reply"), at 17-22.

II. **COMMERCE'S REMAND PROPERLY ELIMINATES COST-BASED PMS IN ITS SALES BELOW COST ANALYSIS**

Commerce's Remand properly recalculated Garg's ADD margin without making a PMS "adjustment to Garg Tube's COP for purposes of the sale-below cost test." Remand at 2-9, 25-26. This redetermination complies with this Court's specific instruction by invalidating

Commerce's PMS adjustment in its sales-below-cost analysis. *Garg*, 2021 WL 3028127, *7-9 (July 9, 2021). This redetermination further complies with extensive and unanimous judicial precedent. *See, e.g.*, *Saha Thai Pub. Pipe Co. v. United States*, 422 F. Supp. 3d 1363, 1368-69 (CIT 2019); *Borusan Mannesmann Boru Sanayi v. Ticaret A.Ş. v. United States*, 426 F. Supp. 3d 1395, 1411 (CIT 2020); *Husteel Co. v. United States* 2020 WL 200815 (CIT July 23, 2020), *9-10. *See* Garg Opening Brief at 36-38; Garg Reply at 4-7.

### III.  COMMERCE'S REMAND IMPROPERLY MAINTAINS A PMS FINDING IN CV CONTEXT

Commerce's Remand improperly "continue{s} to apply a PMS adjustment when calculating the costs of production where normal value is based on constructed value." Remand at 10, 26. To support this adjustment, "Commerce continues to find that a PMS existed in India during the period of review (POR) that distorted the price of {HRC}." *Id*. at 3. Such continued PMS finding is unsupported by substantial evidence for multiple reasons. First, Commerce failed to establish how a PMS in the Indian HRC market prevented a fair comparison between Garg Tube's NV and export price, given that merchandise sold both to the U.S. and in the home market utilized identical HRC inputs and therefore HRC costs affected export prices the same way as these costs affected normal value. *See* Garg Opening Brief at 7. Second, Commerce's central causal factor – global steel overcapacity – as a trigger to HRC price distortion is the very antithesis to PMS in India, since it does not establish that market conditions in India differed from those in any other market. *See* Garg Opening Brief at 7-9; Garg Reply at 2-4. Third, Garg established that there was no steel overcapacity situation or suppression of HRC prices during the POR either globally or particular to the Indian market. *See* Garg Opening Brief at 9-17; Garg Reply at 7-10. Fourth, the predominantly domestically controlled Indian HRC market precludes a globally triggered PMS finding. *See* Garg Opening Brief at 20-21. Fifth, pursuant to the

4

government of India's trade remedy measures, the Indian HRC import volume had decreased and HRC import prices increased during the POR – which further detracts from a PMS finding. Sixth, Garg's HRC purchase prices were consistent with the undistorted HRC price data available on the record. *See* Garg Opening Brief at 22-27; Garg Reply at 12-13. Finally, Garg established that Commerce's regression methodology is an arbitrary method for computing the PMS adjustment. *See* Garg Opening Brief at 32-36; Garg Reply at 14-17.

Commerce's Remand disingenuously asserts that it continued applying the PMS adjustment in the CV-based NV context "because the CIT agreed that this is an appropriate adjustment under section 773(e) of the Act (but not under section 773(b)(1) of the Act)." Remand at 26. Commerce's rationale distorts this Court's opinion. Without addressing the merits of PMS, this Court simply explained the statutory provision:

> Commerce determines the constructed value of a respondent's subject merchandise based on the sum of various costs incurred in the production of that merchandise. See 19 U.S.C. § 1677b(a)(4), (e). **If, however, Commerce determines that a PMS interferes with its calculation of those costs**, it may use any reasonable methodology when determining the constructed value of the subject merchandise.

*Garg*, 2021 WL 3028127, *6 (emphasis added).

As such, contrary to Commerce's position, this Court's endorsement of the PMS adjustment was not premised upon a subsidiary finding **supported by substantial record evidence** that "a PMS interferes with its calculation of those costs." *Id*. In its prior decision, this Court did not address Garg's claims that Commerce's decision was unsupported by substantial evidence. Garg asks that this Court address these claims in its next decision. As explained above, record evidence compels a finding that no PMS existed during the POR – thereby precluding Commerce from making a PMS adjustment in the CV context, as it did when calculating Garg's ADD margin in the Remand.

## **CONCLUSION**

Based on the foregoing, Garg respectfully requests that this Court affirm Commerce's Remand with respect to AFA and cost-based PMS, while ordering another remand for Commerce to completely eliminate a PMS adjustment in the CV-based NV context.

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ,
    SILVERMAN & KLESTADT LLP

    */s/ Ned H. Marshak*
    Ned H. Marshak
    Dharmendra N. Choudhary
    Jordan C. Kahn

    GRUNFELD, DESIDERIO, LEBOWITZ,
    SILVERMAN & KLESTADT LLP

    599 Lexington Ave., 36th Floor
    New York, New York 10022
    (212) 557-4000
    **
    1201 New York Ave., NW, Suite 650
    Washington, DC 20005
    (202) 783-6881

Dated: November 8, 2021    *Counsel for Plaintiffs Garg Tube Export LLP and Garg Tube Limited*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1)(b), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiffs' Comments on Remand Redetermination, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word 2007, is 1,381 words, less than the 10,000 word limit.

*/s/ Ned H. Marshak*
*Counsel for Plaintiffs Garg Tube*
*Export LLP and Garg Tube Limited*

Dated: November 8, 2021

11329612_1