**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE**

_____

|                                                         |     |                      |
|---------------------------------------------------------|-----|----------------------|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED,             | )   |                      |
|                                                         | )   |                      |
|                    Plaintiffs,                          | )   |                      |
|                                                         | )   |                      |
|            v.                                           | )   | Court No. 20-00026   |
|                                                         | )   |                      |
| UNITED STATES,                                          | )   |                      |
|                                                         | )   |                      |
|                    Defendant,                           | )   |                      |
|                                                         | )   |                      |
|            and                                          | )   |                      |
|                                                         | )   |                      |
| WHEATLAND TUBE and NUCOR TUBULAR PRODUCTS INC.,         | )   |                      |
|                                                         | )   |                      |
|                    Defendant-Intervenors.               | )   |                      |

**ORDER**

Upon consideration of plaintiffs' and defendant-intervenor's comments regarding the remand redetermination, defendant's response, and all other pertinent papers, it is hereby

ORDERED, that the remand redetermination is sustained; and it is further

ORDERED, that final judgment is entered for the United States.

Dated:_____                              _____

New York, NY                                        Claire R. Kelly, Judge

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

_____

|  |  |  |
|---|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 20-00026 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE, | ) ) ) | |
| Defendant-Intervenors. | ) ) | |

_____)

## DEFENDANT'S RESPONSE TO
## COMMENTS ON REMAND REDETERMINATION

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Robert R. Kiepura

OF COUNSEL:
JonZachary Forbes
Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

ROBERT R. KIEPURA
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Telephone: (202) 305-4436
E-mail:  Robert.Kiepura@usdoj.gov

December 15, 2021                    Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| _____ | ) | |
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No. 20-00026 |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE, | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| _____ | ) | |

<strong>DEFENDANT'S RESPONSE TO<br>COMMENTS ON REMAND REDETERMINATION</strong>

Defendant, the United States, respectfully submits this response to the comments of plaintiffs, Garg Tube Export LLP and Garg Tube Limited (collectively, Garg Tube) (ECF No. 79), and of defendant-intervenor, Nucor Tubular Products Inc. (Nucor Tubular) (ECF No. 80), regarding the remand results filed by the Department of Commerce pursuant to this Court's decision and remand order. *Final Results of Redetermination Pursuant to Court Order, Garg Tube Export LLP and Garg Tube Limited v. United States*, Court No. 20-00026, Slip. Op. 21-83, October 7, 2021, ECF Nos. 73, 74 (*Remand Results*). For the reasons set forth below, we respectfully request that the Court sustain Commerce's remand results and enter final judgment.

BACKGROUND

I.      The Administrative Decision Under Review

This case involves a challenge to the final results of Commerce's administrative review of the antidumping duty order covering welded carbon steel standard pipes and tubes (CWP) from India, during the 2017-2018 review period. *See Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 2,715 (Dep't of Commerce Jan. 16, 2020) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM). In the *Final Results*, Commerce found that a particular market situation existed in India concerning the cost of hot-rolled coil (an input into subject pipe and tube) and adjusted Garg Tube's reported cost of production to account for this particular market situation. IDM at 19-32. Separately, Garg Tube purchased subject merchandise from several unaffiliated suppliers and Commerce requested cost of production information from two of Garg Tube's unaffiliated suppliers of pipe and tube. In response, each supplier refused to provide the requested cost of production information. In the absence of this information for the pipe and tube produced by these suppliers, Commerce filled the gap in the record (*i.e.*, the missing cost of production data of these suppliers) by applying partial adverse facts available and used Garg Tube's reported cost of production for the supplier-produced pipe and tube (which includes Garg Tube's acquisition costs, further processing, general and administrative expenses and financial expenses), adjusted based on Garg Tube's sale of the supplier-produced pipe and tube which realized the largest loss. IDM at 36-41.

II.     The Court's Remand Order And Commerce's Remand Results

On July 9, 2021, in its remand order, the Court remanded the two issues identified above to Commerce for further consideration. *Garg Tube Export LLP and Garg Tube Limited v. United States*, Court No. 20-00026, Slip. Op. 21-83 (Ct. Int'l Trade July 9, 2021) (*Remand Order*). The Court held that Commerce is not authorized under the statute to make a particular market situation adjustment to a respondent's cost of production for purposes of the sales-below-cost test when Commerce relies on home market or third country market sales to determine normal value under 19 U.S.C. § 1677b(b), although Commerce may use any reasonable methodology to determine constructed value where a particular market situation interferes with its calculations under 19 U.S.C. § 1677b(e). *Remand Order* at 14-15. The Court "d{id} not reach the issue of whether or not Commerce's {particular market situation} finding is supported by substantial evidence" nor "whether Commerce's methodology for calculating the {particular market situation} adjustment is reasonable." *Id.* at 16. As such, on remand Commerce continued to apply a particular market situation adjustment when calculating the cost of production where normal value is based on constructed value, in accordance with 19 U.S.C. 1677b(e). *Remand Results* at 3.

Pursuant to the *Remand Order*, and under respectful protest, Commerce recalculated the weighted-average dumping margin for Garg Tube without making an adjustment to account for the particular market situation concerning the input costs for hot-rolled coil for purposes of the sales-below-cost test; however, Commerce continued to apply a particular market situation adjustment when calculating the costs of production where normal value was based on constructed value under 19 U.S.C. § 1677b(e). *Remand Results* at 4. Commerce also modified its calculation methodology with respect to Garg Tube's sales for which the merchandise under

3

consideration was produced by the unaffiliated, uncooperative supplier at issue in the litigation by relying on the reported acquisition costs for pipe and tube that Garg Tube sourced from that supplier as a substitute for the supplier's missing cost of production information. *Id*. Based on this adjustment, Commerce is no longer relying on adverse inferences pursuant to 19 U.S.C. § 1677e. *Id*.

With respect to Commerce's application of partial adverse facts available due to the non-cooperation of one of Garg Tube's suppliers,[1] the Court held that it was not reasonably discernable from Commerce's analysis in the *Final Results* how it was applying partial adverse facts available under 19 U.S.C. § 1677e, and, to the extent that Commerce applies 19 U.S.C. § 1677e(a) against Garg Tube, Commerce must do more to support its determination. *Remand Order* at 19-20.

In accordance with the Court's *Remand Order*, Commerce clarifies that it is operating under 19 U.S.C. § 1677e(a) to determine the cost of production for the pipe and tube acquired by Garg Tube from this unaffiliated supplier. *Remand Results* at 17. Moreover, Commerce found that there was not sufficient evidence on the record of this review to demonstrate that Garg Tube has sufficient "market power" or "leverage" over its unaffiliated supplier to induce the supplier's cooperation. *Id*. Therefore, under respectful protest, Commerce modified its calculations for Garg Tube by relying on neutral facts available to fill the gap in the cost of production data caused by the supplier's non-cooperation based on the reported acquisition costs for pipe and tube that Garg Tube sourced from the supplier. *Id*.

---

[1] In the *Final Results*, Commerce found that two of Garg Tube's suppliers failed to cooperate with Commerce's information requests. Garg Tube only challenged the *Final Results* with respect to one of these companies.

4

<u>ARGUMENT</u>

I.      <u>Standard Of Review</u>

In remand proceedings, the Court will sustain Commerce's antidumping determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

II.     <u>Commerce Complied With The Court's Remand Order</u>

The Court should sustain Commerce's remand results because Commerce complied with the Court's order on remand.

A.      <u>Particular Market Situation</u>

In the *Remand Order*, the Court held that Commerce is not authorized under the statute to make a particular market situation adjustment to a respondent's cost of production for purposes of the sales-below-cost test when Commerce relies on home market or third country market sales to determine normal value under 19 U.S.C. § 1677b(b), although Commerce may use any reasonable methodology to determine constructed value where a particular market situation interferes with its calculations under 19 U.S.C. § 1677b(e). *Remand Order* at 14-15. Thus, for these reasons, the Court held that Commerce's particular market situation determination and subsequent adjustment were unlawful. *Id*. As to Commerce's determination that a particular market situation exists in India with respect hot-rolled coil, the Court stated that it did not reach the issue of whether this determination was supported by substantial evidence. *Id*. at 16. As such, Commerce recalculated Garg Tube's weighted average dumping margin with no particular market situation adjustment to Garg Tube's cost of production for purposes of the sales-below-

cost test but continued to apply a particular market situation adjustment when calculating the cost of production where normal value is based on constructed value. *Remand Results* at 3.

Nucor Tubular filed comments stating that while it respectfully disagrees with the Court's statutory finding that Commerce is unable to apply a particular market situation adjustment for purposes of the sales-below-cost test, it recognizes that given the Court's *Remand Order* that Commerce was left with no choice but to no longer make this adjustment. Nucor Tubular Comments at 1-2. Garg Tube filed comments supporting Commerce's determination not to apply a particular market situation adjustment for purposes of the sales-below cost test but urged the Court to remand Commerce's decision to continue to apply a particular market situation adjustment when calculating constructed value. Garg Tube Comments at 1-2. Garg Tube contends that Commerce's particular market situation finding is not supported by substantial evidence based on the facts and arguments we previously presented to the Court for consideration. *Id.* at 4-5. Garg Tube contends that Commerce has "disingenuously" stated that the Court has recognized that its particular market situation finding is supported by substantial evidence. *Id.* at 5 (citing *Remand Results* at 26). However, Commerce recognized that the Court declined to reach the merits of Garg Tube's arguments regarding whether the particular market situation finding and resulting adjustment were supported by substantial evidence, and merely recognized that the Court had concluded that Commerce is statutorily permitted to make a particular market situation adjustment under 19 U.S.C. § 1677b(e), as opposed to 19 U.S.C. § 1677b(b)(1). *Remand Results* at 25-26.

To support Commerce's finding of a particular market situation, we incorporate by reference the arguments presented in our brief before this Court, where we discussed at length how Commerce's particular market situation finding and subsequent adjustment based on the

6

cumulative effect of: 1) the impact on the HRC market as a result of global overcapacity, 2) the GOI's subsidization of HRC, 3) the GOI's findings that imports were unfairly traded, and 4) the non-payment of antidumping or safeguard duties on imports of HRC during the period of review is supported by substantial evidence. *See* Defendant's Response to Plaintiffs' Motion for Judgment on the Agency Record, February 1, 2021 (ECF Nos. 45, 46) at 13-21, 24-33. Because this issue is not moot, the Court should consider our arguments and sustain Commerce's determination that a particular market situation exists in India as supported by substantial evidence.

  B.  <u>Partial Adverse Facts Available</u>

  In compliance with the Court's *Remand Order*, after reconsidering its use of partial adverse facts available, Commerce modified its calculations for Garg Tube. Commerce relied on neutral facts available to fill the gap in the cost of production data caused by the supplier's non-cooperation and based its calculation on the reported acquisition costs for pipe and tube that Garg Tube sourced from the supplier. *Id.* In its comments filed with the Court, Garg Tube stated that Commerce's redetermination with respect to this issue was proper and supported by substantial evidence. *See* Garg Tube Comments at 3. Nucor Tubular did not address this issue in its initial comments on the remand redetermination. *See generally* Nucor Tubular Comments. Because all parties filing comments on this issue agree that Commerce complied with the Court's order and no party has challenged the remand results as unsupported by substantial evidence or contrary to law, the Court should sustain the remand results as to this issue. *See, e.g.*, *Gerber Food (Yunnan) Co. v. United States*, 32 CIT 995, 996 (2008) (affirming remand redetermination that complied with Court order and where no party challenged the redetermination).

CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination and enter judgment.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Robert R. Kiepura

OF COUNSEL:                              ROBERT R. KIEPURA
JonZachary Forbes                        Trial Attorney
Attorney                                 U.S. Department of Justice
Office of the Chief Counsel              Civil Division
for Trade Enforcement and Compliance     Commercial Litigation Branch
U.S. Department of Commerce              P.O. Box 480
Washington, D.C.                         Ben Franklin Station
                                         Washington, D.C. 20044
                                         Telephone: (202) 305-4436
                                         E-mail: Robert.Kiepura@usdoj.gov

December 15, 2021                        Attorneys for Defendant