**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **GARG TUBE EXPORT LLP and GARG TUBE LIMITED,**<br>**Plaintiffs,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant,**<br>**and,**<br>**NUCOR TUBULAR PRODUCTS INC., *et al.*,**<br>**Defendant-Intervenors.** | **Before: Hon. Claire R. Kelly, Judge**<br><br>**Court No. 20-00026** |

**DEFENDANT-INTERVENOR NUCOR TUBULAR'S REPLY COMMENTS ON FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

**Alan H. Price, Esq.**
**Robert E. DeFrancesco, III, Esq.**
**Theodore P. Brackemyre, Esq.**

**WILEY REIN LLP**
**2050 M Street, NW**
**Washington, DC 20036**
**(202) 719-7000**

***Counsel to Nucor Tubular Products Inc.***

**Dated: December 15, 2021**

**Court No. 20-00026**

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Garg Tube Exp. LLP v. United States*,
527 F. Supp. 3d 1362 (Ct. Int'l Trade 2021) ....................1, 2, 3

*Hyundai Steel Co. v. United States*,
No. 2021-1748, slip op. (Fed. Cir. Dec. 10, 2021) ....................4, 5

### Other Authorities

Fed. Cir. R. 35....................5

Fed. Cir. R. 40....................5

Fed. R. App. P. 41....................5

**Court No. 20-00026**

On behalf of Defendant-Intervenor Nucor Tubular Products Inc. ("Nucor Tubular"), we respectfully submit the following reply to the comments filed by Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Garg Tube" or "Plaintiffs") concerning the remand determination issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand (Oct. 7, 2021), ECF No. 74-1; Pls.' Comments on Remand Redetermination (Nov. 8, 2021), ECF No. 79 ("Garg Tube Remand Cmts."). Plaintiffs argue that Commerce's remand determination improperly applies a particular market situation ("PMS") adjustment in the constructed value ("CV") context. Garg Tube Remand Cmts. at 4-5. Plaintiffs' contention is misplaced, however, and Commerce's continued application of PMS when normal value ("NV") is based on CV is entirely supported by the administrative record and should be sustained by this Court. While Nucor Tubular respectfully maintains that this Court has erred in instructing Commerce to no longer apply a PMS adjustment for the purposes of the sales-below-cost test, the application of PMS in the CV context is consistent the statute and the Court's remand instructions, and it is supported by substantial evidence.

As an initial matter, Commerce appropriately continued to find a PMS to exist in the Indian steel market and to adjust costs accordingly because the agency was not instructed by this Court to remove the application of PMS in the CV scenario. In the Court's opinion and remand order, Commerce was instructed to remove a PMS adjustment when relying on home market or third country market sales to determine NV. *Garg Tube Exp. LLP v. United States*, 527 F. Supp. 3d 1362, 1370-71 (Ct. Int'l Trade 2021). However, the Court made clear that "Commerce may use any reasonable methodology to determine constructed value where a cost-based PMS interferes with its calculations under 19 U.S.C. § 1677b(e) . . . ." *Id.* at 1370. This Court did not reach the issue of whether Commerce's finding of a PMS in India was supported by substantial

evidence or whether the agency's methodology for calculating a PMS adjustment was appropriate. *Id.* at 1370-71. As such, Commerce's continued application of a PMS adjustment in the CV context in the remand determination is entirely consistent with this Court's opinion and should be sustained.

If the Court entertains Plaintiffs' arguments as to the existence of a PMS in India and the validity of the regression analysis-based adjustment methodology employed by Commerce, the administrative record fully supports the agency's findings. As detailed at length in Defendant's and Defendant-Intervenors' response briefs before this Court, Commerce's PMS findings were supported by substantial evidence and in accordance with law. Resp. to Mot. for J. on the Agency R. (Jan. 19, 2021), ECF No. 42 at 11-27 ("Def.-Int. Resp. Br."); Def.'s Resp. to Pls'. Mot. for J. on the Agency R. (Jan. 15, 2021), ECF No. 41 at 10-21 ("Def. Resp. Br."). In the underlying proceeding, Commerce thoroughly examined a voluminous record and made an accurate PMS determination based on substantial record evidence regarding each of the components of the collective Indian PMS. Importantly, Commerce's PMS finding was consistent with its broad authority to make a PMS determination. Def.-Int. Resp. Br. at 11-18. In contrast to the arguments made by Plaintiffs, it is consistent with Commerce's established PMS framework, including cases where it has found a PMS not to exist, for the agency to have found a PMS to exist in the Indian steel market based on the facts of this proceeding. *Id.* at 14-18. In that regard, Commerce also adequately demonstrated how a PMS in the Indian steel market prevented a fair comparison between Garg Tube's NV and its export price. *Id.* at 18-19.

Moreover, Commerce appropriately made a PMS finding as to each of the components of the collective PMS in India. *Id.* at 19-27. After evaluating a well-developed record, Commerce appropriately found a PMS to exist in India "based on the collective impact of the continued

effects of the global steel overcapacity, the {Government of India}'s subsidization of {hot-rolled coil}, its findings that imports are unfairly traded, and the non-payment of antidumping or safeguard duties on imports of {hot-rolled coil}." *Welded Carbon Steel Standard Pipes and Tubes from India*, 85 Fed. Reg. 2,715 (Dep't Commerce Jan. 16, 2020) (final results of antidumping duty admin. rev.; 2017-2018), P.R. 256 and accompanying Issues and Decision Memorandum, P.R. 252 at 19. Commerce possesses broad discretion to make factual assessments, especially regarding technical economic evaluations such as the existence of a PMS, and, as detailed in Defendant-Intervenors' response brief, the agency reasonably evaluated each of the PMS components relied upon to form the collective Indian PMS. Def.-Int. Resp. Br. at 20-27. Plaintiffs' arguments to the contrary are largely reiterated versions of arguments previously considered and rejected by Commerce. Pls.' Mot. for J. on the Agency R. (Aug. 17, 2020), ECF No. 33 at 4-32 ("Pls. Br."). Given the significant deference afforded the agency on technical, factual determinations such as these, there is simply no basis for the Court to overturn Commerce's finding that each of the individual PMS factors alleged are fully supported by the record. Further, even if this Court were to take issue with the evidence supporting a particular factor, consistent with the statute and its prior practice, Commerce made a collective PMS determination, finding that the various PMS components together form a PMS in the Indian steel market.

Additionally, Commerce's use of a regression methodology for calculating a PMS adjustment was supported by substantial evidence. Def.-Int. Resp. Br. at 27-30; Def. Resp. Br. at 24-33. As this Court recognized in its opinion, the statute does not specify how Commerce is to adjust for a PMS and, thus, the agency "may use any reasonable methodology." *Garg Tube*, 527 F. Supp. 3d at 1370. In this respect, Commerce's use of a regression analysis-based adjustment

was entirely consistent with its broad authority to make PMS findings and to calculate an adjustment to account for those distortions. Plaintiffs make no legal argument that Commerce erred in using a regression analysis to calculate a PMS adjustment but rather they merely assert that certain errors in the agency's analysis prevent it from being a reliable methodology. Pls. Br. at 32-36. As detailed in Defendant-Intervenors' response brief, the supposed errors that Plaintiffs identified reflect a misunderstanding of Commerce's regression methodology and do not detract from the strength of the analysis and resulting adjustment factor. Def.-Int. Resp. Br. at 28-30. Accordingly, the Court should not re-weigh the evidence and arguments already considered by Commerce. Instead, the Court should afford Commerce the appropriate deference and sustain the agency's use of a reasonable regression methodology to calculate a PMS adjustment.

In short, the Court should sustain Commerce's application of a PMS adjustment in the CV context in the agency's remand determination. As parties' briefs before the Court and the underlying administrative record show, Commerce's finding of a PMS in the Indian steel market was supported by substantial evidence and consistent with its broad discretion to make such technical and economic determinations. Further, Commerce's use of a regression methodology to calculate a PMS adjustment was similarly supported by the record and the deference afforded the agency. Accordingly, Plaintiffs' arguments to the contrary should be rejected and Commerce's continued finding of a PMS and application of a regression analysis-based PMS adjustment should be sustained.

As a final matter, Nucor Tubular raises for the Court's attention a recent decision issued by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") concerning the application of a PMS adjustment. *See generally Hyundai Steel Co. v. United States*, No. 2021-

1748, slip op. (Fed. Cir. Dec. 10, 2021). In *Hyundai Steel*, the Federal Circuit held that Commerce had inappropriately applied a PMS adjustment in its sales-below-cost analysis. *Id.* at 3. The court found that the statute does not authorize the application of a PMS adjustment in that context. *See id.* at 11-19. Consistent with the arguments made above, the court did not find that a PMS could not be applied to CV sales, but rather it found that the PMS provision specifically amended the CV portion of the statute, "enabl{ing} Commerce to adjust the calculation methodology for determining constructed value when it finds that a PMS exists." *Id.* at 7-8. In its comments on the remand determination, Plaintiffs continue to argue that Commerce's remand determination properly removed a PMS adjustment from the sales-below-cost analysis. Garg Tube Remand Cmts. at 3-4. However, Nucor Tubular notes that the Federal Circuit's determination in *Hyundai Steel* is not yet binding on this Court. The Federal Circuit's decision was issued on December 10, 2021. Accordingly, the deadline to petition for rehearing, a hearing or rehearing *en banc*, or further appeal will not pass until at least January 24, 2022. *See* Fed. Cir. R. 35, 40. Thus, the court's mandate in this action has not yet been issued. Fed. R. App. P. 41. Until the *Hyundai Steel* litigation has reached a final disposition, this Court is not bound by the Federal Circuit's opinion. Instead, for the reasons explained in Nucor Tubular's remand determination comments, the Court should reconsider its position on the application of PMS for the purposes of the sales-below-cost test. Def.-Intervenor Nucor Tubular's Comments on Final Results of Redetermination Pursuant to Ct. Remand (Nov. 8, 2021), ECF No. 80.

* * *

Respectfully submitted,

*_/s/ Robert E. DeFrancesco, III_*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Theodore P. Brackemyre, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Tubular Products Inc.*

Dated: December 15, 2021

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Defendant-Intervenor Nucor Tubular's Reply Comments on Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 2,086 words. In accordance with Chamber Procedure 2(B)(1)(b), this submission, taken together with Nucor Tubular's November 8, 2021 Comments on Final Results of Redetermination Pursuant to Court Remand, does not exceed the 10,000 word limit.

*/s/ Robert E. DeFrancesco, III*
(Signature of Attorney)

Robert E. DeFrancesco, III
(Name of Attorney)

Nucor Tubular Products Inc.
(Representative Of)

December 15, 2021
(Date)