# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE CLAIRE R. KELLY

|  |  |  |
|---|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Court No. 20-00026 |
| UNITED STATES, | : : : | |
| Defendant, | : : | |
| and | : : : | |
| NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE, | : : : : | |
| Defendant-Intervenors. | : | |

## **PLAINTIFFS' REPLY TO COMMENTS ON REMAND REDETERMINATION**

Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Garg"), pursuant to this Court's Order dated July 9, 2021, Slip Op. 21-83, ECF No. 66, hereby reply to the Comments filed on November 8, 2021, by Defendant-Intervenor Nucor Tubular Products Inc. ("Nucor Tubular"), ECF 80 ("Nucor Comments"), on the U.S. Department of Commerce's ("Commerce") Final Results of Remand Redetermination Pursuant to Court Remand (July 23, 2019), ECF. No. 74 ("Remand"). Nucor concedes that, "given the Court's opinion and remand order, it appears that Commerce has been left with no choice but to no longer apply a {particular market situation "PMS"} adjustment in the sales-below-cost text {sic} context." Nucor Comments at 2. Yet "Nucor Tubular urge{d} this court to reconsider its position on the application of PMS especially given that the issue is currently on appeal before the U.S. Court of Appeals for the Federal Circuit {"CAFC"}." *Id*. at 3.

The CAFC in December 2021 resoundingly affirmed this Court's invalidation of Commerce's application of a PMS adjustment in the sales-below-cost. *Hyundai Steel Co. v. United States*, CAFC No. 2021-1748 (Dec. 10, 2021). The CAFC specifically "disagree{d} with Commerce's interpretation of the statute, and . . . h{e}ld that Commerce's interpretation fails at *Chevron* step one." *Id*. at 11. With this PMS issue resolved in favor of both this Court and Garg, the lone basis advanced by Nucor Tubular in opposition to the Remand is devoid of merit. Accordingly, this Court should affirm the Remand's declination to apply a PMS adjustment in the sales-below-cost test context as: in accord with the recent CAFC ruling on this precise issue; "complian{t} with the court's remand order"; and otherwise supported by substantial evidence. *Id*. at 11-17; *Nakornthai Strip Mill Pub. Co. v. United States*, 32 CIT 1272, 1274 (2008); 19 U.S.C. § 1516a(b)(1)(B)(i).

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

    */s/ Ned H. Marshak*
    Ned H. Marshak
    Dharmendra N. Choudhary
    Jordan C. Kahn

    GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

    599 Lexington Ave., 36th Floor
    New York, New York 10022
    (212) 557-4000
    **
    1201 New York Ave., NW, Suite 650
    Washington, DC 20005
    (202) 783-6881

    *Counsel for Plaintiffs Garg Tube Export LLP and Garg Tube Limited*

Dated: December 15, 2021

# CERTIFICATE OF COMPLIANCE

  Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiffs' Reply to Comments on Remand Redetermination, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word, is 299 words, less than the 8,618 word limit.

               /s/ *Jordan C. Kahn*
               *Counsel for Plaintiffs Garg Tube*
               *Export LLP and Garg Tube Limited*

Dated: December 15, 2021