UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY

|  |  |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE, <br><br> Defendant-Intervenors. | Court No. 20-00026 |

**PLAINTIFFS' COMMENTS ON SECOND REMAND REDETERMINATION**

Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Garg") submit the following comments regarding the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Order, filed by Defendant United States on June 9, 2022, ECF 98-1 ("Second Remand"), in response to this Court's March 2022 ruling in in *Garg Tube Export LLP v. United States*, 596 F. Supp. 3d 1202 (CIT 2022), in the above-captioned appeal of Commerce's 2017-18 administrative review ("AR17-18") of the antidumping duty ("ADD") order on circular welded carbon steel standard pipes and tubes ("CWP") from India.

**BACKGROUND**

Garg initiated this appeal challenging two aspects of Commerce's final results of AR17-18 of the ADD order on CWP from India: (1) the application of adverse facts available ("AFA")

arising from its unaffiliated suppliers' non-cooperation in providing cost of production ("COP") data; and (2) the finding during the period of review of a cost based PMS in India for hot-rolled coil ("HRC") that distorted the costs of CWP, warranting an adjustment to Garg's calculated ADD margin. Complaint (Jan. 30, 2020), at 6-7; *Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 2,715 (Jan. 16, 2020), P.R. 256, Issues and Decision Memorandum, P.R. 252, Comments 1-3, 7.

This Court in July 2021, ordered remand in favor of Garg. *Garg Tube LLC v. United States*, 527 F. Supp. 3d 1362 (CIT 2021). In particular, this Court invalidated: (1) Commerce's application of AFA, *id*. *7-9; and (2) PMS adjustment to Garg's reported COP for purposes of the sales-below-cost test, *id*. at 6-7. In its Final Results of Redetermination Pursuant to Court Order ("First Remand"), filed by Defendant United States in October 2021, ECF 73-74, C.R.R. 8, P.R.R. 7 (Oct. 7, 2021), Commerce followed this Court's instructions by eliminating both the AFA application and PMS adjustment in the context of Garg's sales-below-cost analysis. Remand at 8-10, 17-22, 25-26 & 29-33. Commerce, however, maintained its cost based PMS finding for HRC in the context of establishing Garg's normal value ("NV") based on the constructed value ("CV") methodology. First Remand at 8-22, 25-26, 29-33. As a result, Commerce's Remand reduced Garg's AR17-18 ADD margin from 11.83 percent to 1.73 percent. *Id*. at 33.

This Court in March 2022 again ordered remand in favor of Garg. *Garg*, 596 F. Supp. 3d at 1210-21. In particular, this Court found that "Commerce fails to explain how the cumulative and collective impact of the market phenomena upon which it relies are unique to the Indian market and therefore constitute a PMS." *Id*. at 1214. In its Second Remand filed by Defendant in June 2022, Commerce followed this Court's instruction by completely eliminating its prior PMS

2

finding: "Because the Court determined that the market phenomena relied upon in the *Final Results* are not unique to India (and thus not a PMS), **we are no longer finding that a PMS existed in India during the period of review with respect to the price of hot-rolled coil**." Second Remand at 11 (emphasis added). As a result, Commerce's Second Remand did not make any PMS adjustment and accordingly reduced Garg's AR17-18 ADD margin from 1.73 percent in the First Remand to 0.00 percent. *Id*. at 20.

## STANDARD OF REVIEW

"The court reviews remand determinations for compliance with the court's remand order." *Nakornthai Strip Mill Pub. Co. v. United States*, 587 F.Supp.2d 1303 (2008). As with any aspect of Commerce's final determination in an ADD proceeding, this Court must hold unlawful a remand redetermination that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938).

## COMMERCE'S SECOND REMAND PROPERLY ELIMINATED A PMS FINDING

Garg fully supports the Department's Second Remand finding that no particular market situation existed in India during the period of review with respect to the price of hot rolled coil, which resulted in Garg's ADD margin being recalculated at zero percent. Second Remand at 11, 20. Garg requests that this Court affirm the Second Remand, because it complies with specific instruction from this Court concerning the manner in which Garg's ADD margin is to be calculated. *Garg*, 596 F. Supp. 3d at 1214-15. Moreover, for the reasons articulated by Garg throughout this appeal, the ADD margin calculated in the Second Remand without any PMS adjustment is both supported by substantial evidence and otherwise in accordance with law.

Memorandum of Law in Support of Plaintiffs' Motion for Judgment on the Agency Record (Aug. 17, 2020), ECF 32-33, at 4-38; Plaintiffs' Reply to Defendant and Defendant-Intervenors' Responses to Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record (Feb. 26, 2021), ECF 49-50, at 2-14; Plaintiffs' Comments on Remand Redetermination (Nov. 8, 2021), ECF 79, at 3-6.

## CONCLUSION

Based on the foregoing, Garg respectfully requests that this Court affirm Commerce's Second Remand that eliminated a PMS adjustment when calculating Garg's ADD margin.

>Respectfully submitted,
>
>GRUNFELD, DESIDERIO, LEBOWITZ,
>SILVERMAN & KLESTADT LLP
>
>*/s/ Ned H. Marshak*
>Ned H. Marshak
>Dharmendra N. Choudhary
>Jordan C. Kahn
>
>GRUNFELD, DESIDERIO, LEBOWITZ,
>SILVERMAN & KLESTADT LLP
>
>599 Lexington Ave., 36th Floor
>New York, New York 10022
>(212) 557-4000
>**
>1201 New York Ave., NW, Suite 650
>Washington, DC 20005
>(202) 783-6881
>
>*Counsel for Plaintiffs Garg Tube*
>*Export LLP and Garg Tube Limited*

Dated: July 11, 2022

**CERTIFICATE OF COMPLIANCE**

      Pursuant to Chamber Procedure 2(B)(1)(b), the undersigned certifies that this brief complies with the word limitation requirement.  The word count for Plaintiffs' Comments on Second Remand Redetermination, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word 2007, is 851 words, less than the 10,000 word limit.

                                         */s/ Ned H. Marshak*
                                         *Counsel for Plaintiffs Garg Tube*
                                         *Export LLP and Garg Tube Limited*

Dated: July 11, 2021