# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Court No. 20-00026 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) ) |
| and | ) ) |
| NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE, | ) ) ) |
| Defendant-Intervenors. | ) |

## DEFENDANT'S RESPONSE TO COMMENTS REGARDING THE SECOND REMAND REDETERMINATION

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Robert R. Kiepura
ROBERT R. KIEPURA
Trial Attorney
U.S. Department of Justice,
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-4436

OF COUNSEL:

Shelby M. Anderson
Assistant Chief Counsel
Office of the Chief Counsel
For Trade Enforcement & Compliance

August 17, 2022

Attorneys for Defendant United States

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................2

    I.      Commerce's Final Results And Finding
           Of A Particular Market Situation ......................................................................2

    II.     The Court's First Remand Order And
           Commerce's First Remand Results..................................................................2

    III.    The Court's Second Remand Order And
           Commerce's Second Remand Results .............................................................3

ARGUMENT..................................................................................................................................4

    I.      Standard Of Review ........................................................................................4

    II.     The Court Should Sustain Commerce's Second Remand Results.....................4

CONCLUSION...............................................................................................................................7

## **TABLE OF AUTHORITIES**

**Cases**

*Garg Tube Exp. LLP v. United States*,
   527 F. Supp. 3d 1362 (Ct. Int'l Trade July 9, 2021)............................................................2

*Garg Tube Exp. LLP v. United States*,
   Slip Op. 22-18 (Ct. Int'l Trade March 11, 2022)...................................................................1

*MacLean-Fogg Co. v. United States*,
   100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015).........................................................................4

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)..........................................................................................................4

19 U.S.C. § 1677b(b)........................................................................................................................3

19 U.S.C. § 1677e ............................................................................................................................2

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

_____

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, ) ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES, ) ) Defendant, ) ) and ) ) NUCOR TUBULAR PRODUCTS INC., and ) WHEATLAND TUBE, ) ) Defendant-Intervenors. ) _____) | Court No. 20-00026 |

### DEFENDANT'S RESPONSE TO COMMENTS REGARDING THE SECOND REMAND REDETERMINATION

Defendant, the United States, respectfully submits this response to comments filed by Nucor Tubular Products Inc. (Nucor) and Garg Tube Export LLP and Garg Tube Limited (Garg Tube) regarding the remand results filed by the Department of Commerce pursuant to this Court's March 11, 2022, decision and remand order. *See Final Results of Redetermination Pursuant to Court Order, Garg Tube Exp. LLP v. United States*, Court No. 20-00026, Slip Op. 22-18 (June 8, 2022), ECF No. 98 (*Second Remand Results*). For the reasons set forth below, the *Second Remand Results* comply with the Court's remand order and should be sustained. *See Garg Tube Exp. LLP v. United States*, Slip Op. 22-18 (Ct. Int'l Trade March 11, 2022) (*Second Remand Order*).

**BACKGROUND**

I. **Commerce's Final Results And Finding Of A Particular Market Situation**

The administrative determination under review is *Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 2,715 (Dep't of Commerce Jan. 16, 2020) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM). In the *Final Results*, Commerce found that a particular market situation (PMS) existed in India concerning the cost of hot-rolled coil (an input into subject pipe and tube) based on the collective impact of the effects of global steel overcapacity, subsidization of hot-rolled coil by the government of India (GOI), the GOI's findings that imports are unfairly traded, and the non-payment of antidumping or safeguard duties on imports of hot-rolled coil. IDM at 19-32.[1] Accordingly, Commerce adjusted Garg Tube's reported cost of production (COP) to account for this PMS.

II. **The Court's First Remand Order And Commerce's First Remand Results**

On July 9, 2021, the Court remanded Commerce's finding of a PMS for further consideration. *Garg Tube Exp. LLP v. United States*, 527 F. Supp. 3d 1362 (Ct. Int'l Trade July 9, 2021) (*First Remand Order*). The Court held that Commerce is not authorized under the statute to make a PMS adjustment to a respondent's COP for purposes of the sales-below-cost test when Commerce relies on home market or third country market sales to determine normal

---

[1] In the *Final Results*, Commerce also relied on partial adverse facts available under 19 U.S.C. § 1677e to address the non-cooperation of one of Garg Tube's suppliers. The Court remanded aspects of Commerce's analysis in its first remand order. *See Garg Tube Exp. LLP v. United States*, 527 F. Supp. 3d 1362, 1372-73 (Ct. Int'l Trade July 9, 2021). Commerce subsequently modified its calculations for Garg Tube by relying on neutral facts available to fill the gap in the COP data caused by the supplier's non-cooperation. *See Final Results of Redetermination Pursuant to Court Order, Garg Tube Exp. LLP v. United States*, Court No. 20-00026, Slip. Op. 21-83 (October 7, 2021), ECF Nos. 73, 74 (*First Remand Results*). The Court sustained Commerce's remand results with respect to this issue. *See Second Remand Order* at 10.

value under 19 U.S.C. § 1677b(b). *First Remand Order*, 527 F. Supp. 3d at 1370-71. The Court "d{id} not reach the issue of whether or not Commerce's PMS finding is supported by substantial evidence" nor "whether Commerce's methodology for calculating the PMS adjustment is reasonable." *Id.* at 1370. On remand, Commerce removed the PMS adjustment for purposes of the sales-below-cost test, but continued to apply a PMS adjustment when calculating the COP where normal value was based on constructed value. *First Remand Results* at 3.

### III.    The Court's Second Remand Order And Commerce's Second Remand Results

In the *Second Remand Order*, the Court sustained Commerce's determination to remove the PMS adjustment to Garg Tube's COP for purposes of the sales-below-cost test. *Second Remand Order* at 11. However, the Court remanded other aspects of Commerce's PMS analysis for further explanation or reconsideration.

Although the Court held that Commerce's determination that "a variety of factors exist in the Indian market that affect the price of {hot-rolled coil}," was supported by substantial evidence, the Court held that "Commerce fails to explain how the cumulative and collective impact of the market phenomena upon which it relies are unique to the Indian market and therefore constitute a PMS." *Id.* at 20-21. The Court further held that Commerce did not explain how "the alleged PMS distorts the COP so that {Garg Tube's} reported costs of production are not accurate in the ordinary course of trade." *Id.* at 21.

The Court further held that Commerce's decision to quantify a PMS adjustment using an ordinary least squares regression model was reasonable, as was Commerce's reliance on the regression coefficient for uneconomic capacity. *Id.* at 25-26. The Court, however, remanded Commerce's application of its selected methodology via the ordinary least squares regression

3

model, finding that Commerce did not adequately address record evidence detracting from the validity of the model. *Id.* at 27.

In its *Second Remand Results*, under respectful protest, Commerce reversed its determination that a PMS existed in India during the period of review with respect to the price of hot-rolled coil. *See Second Remand Results* at 4. In particular, because the Court determined that the market phenomena relied upon in the *Final Results* "are not unique to India (and thus not a PMS)," Commerce reversed its determination that a PMS existed in India with respect to the price of hot-rolled coil. Due to this reversal, Commerce considered the remaining issues regarding Commerce's calculation of the PMS adjustment to be moot and did not address them in the *Second Remand Results*. *See id.*

## ARGUMENT

### I. Standard Of Review

In remand proceedings, the Court will sustain Commerce's antidumping determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

### II. The Court Should Sustain Commerce's Second Remand Results

In its second remand results, Commerce complied with the Court's Second Remand Order by reconsidering the matter and removing the PMS adjustment. The Court should, therefore, sustain Commerce's determination and enter judgment.

In its comments, Nucor urges that the Court remand the matter to Commerce again, arguing that a PMS determination "continues to be fully supported by information on the record" and that Commerce should have "fully considered" this evidence on remand and found that a

4

PMS existed in India during the period of review. *See* Nucor Cmts. at 2.[2] However, Nucor does not argue that Commerce's determination to reverse its PMS adjustment on remand was inconsistent with the Court's remand order. The Court directed Commerce on remand to *either* reconsider its determination or provide further explanation consistent with the opinion. *See Second Remand Order* at 21. Commerce complied with the Court's *Second Remand Order* by reconsidering its PMS finding on remand and ultimately removing the PMS adjustment.

In any event, the additional explanation that Nucor proposes is essentially the same as what this Court already found to be unsupported by substantial evidence. In particular, Nucor argues: (1) that there is no requirement in the statute that a PMS be "completely unique" to a single country and that distortions caused by overcapacity may "manifest differently within a given country's market," *see* Nucor Cmts. at 3-4; (2) that "the existence of India trade remedy measures and subsidies also support the finding of a PMS because the Indian government clearly recognizes the adverse price effects that imports are having on domestic HRC prices and, thus, the distortive effects these imports have in the Indian market," *see id.* at 4-5; (3) that the non-payment of applicable trade remedies (antidumping and safeguard duties) by Indian circular welded pipe producers meant that such measures were "not effectuated in the COP of pipe and tube produced in India," *see id.*; and (4) that the regression analysis used to quantify the PMS adjustment in the *Final Results* "is necessarily country- and period specific" because it shows what hot-rolled coil costs would have been absent the existence of a PMS, *see id.* at 5.

Commerce already made each of these findings in the *Final Results*, and indeed Nucor cites the *Final Results* in support of its argument. *See Second Remand Results* at 5-8, 19. As noted above, Commerce found the existence of a PMS in India that distorted the prices of hot-

---

[2] Garg Tube requests that the Court sustain the *Second Remand Results*. See Garg Tube Cmts. at 3-4.

5

rolled coil in the Indian market based on the collective impact of the continued effects of global steel overcapacity, the GOI's subsidization of hot-rolled coil, the GOI's findings that imports are unfairly traded, and the non-payment of antidumping or safeguard duties on imports of hot-rolled coil. In reaching this determination, Commerce found that the PMS was unique to India insofar as "global overcapacity will manifest its distortive effects differently in different markets" and explained that its selected PMS adjustment (based on the regression methodology used) "isolate{d} the specific effects of the global steel overcapacity crisis on the Indian {hot-rolled coil} market during the {period of review}." *Id*. at 6-7 (quoting *Final Results* IDM at cmt. 1).

Notwithstanding these findings, the Court held in its *Second Remand Order* that "{a} global market condition is not a unique market phenomenon" and that the "existence of trade remedies and subsidies are not unique market phenomena, nor are the exceptions to the imposition of trade remedies." *See Second Remand Order* at 21. Nucor identifies no new explanation that Commerce should have provided on remand, beyond arguing that Commerce placed insufficient weight on the fact that the regression methodology is specific to Indian producers. *See* Nucor Cmts. at 6. According to Nucor, this regression methodology "independently demonstrates the existence of a PMS in the Indian market." *Id*. at 3. However, in its *Second Remand Order*, the Court held that Commerce must identify a "unique fact or set of facts in the market" that give rise to a PMS. *See Second Remand Order* at 12. The regression methodology quantifies the impact of market variables on the price of hot-rolled coil in India but is not itself a "unique fact or set of facts in the market." Thus, Commerce reasonably declined to rely on the regression methodology to support a PMS finding on remand. *See Second Remand Results* at 19.

6

## CONCLUSION

As outlined above, because the Court found Commerce's PMS finding and resulting adjustment to be unsupported by substantial evidence and not in accordance with law, we agree that Commerce complied with the *Second Remand Order* by reversing that finding on remand under respectful protest. Therefore, the Court should sustain Commerce's *Second Remand Results* and enter judgment in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>Shelby M. Anderson<br>Assistant Chief Counsel<br>Office of the Chief Counsel<br>For Trade Enforcement & Compliance | /s/ Robert R. Kiepura<br>ROBERT R. KIEPURA<br>Trial Attorney<br>U.S. Department of Justice,<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 305-4436 |
| August 17, 2022 | Attorneys for Defendant United States |

7

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 1,778 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


                                                            /s/ Robert R. Kiepura

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>  and<br><br>NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE,<br><br>        Defendant-Intervenors. | Court No. 20-00026 |

## **ORDER**

Upon consideration of plaintiffs' and defendant-intervenor's comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained and judgment is ENTERED.

Dated:_____                                    _____
   New York, New York                                                                       JUDGE