IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED,<br><br>                    **Plaintiffs,**<br><br>    v.<br><br>UNITED STATES,<br><br>                    **Defendant,**<br><br>    and<br><br>NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE,<br><br>                    **Defendant-Intervenors.** | Before: Hon. Claire R. Kelly,<br>          Judge<br><br>Court No. 20-00026 |

**DEFENDANT-INTERVENOR NUCOR TUBULAR'S REPLY COMMENTS ON FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

                                                                Alan H. Price, Esq.
                                                                Robert E. DeFrancesco, III, Esq.
                                                                 Theodore P. Brackemyre, Esq.
                                                                Paul A. Devamithran, Esq.

                                                                WILEY REIN LLP
                                                                2050 M Street, NW
                                                                Washington, DC 20036
                                                                (202) 719-7000

                                                                *Counsel to Nucor Tubular Products Inc.*

Dated:  August 17, 2022

Ct. No. 22-00026

On behalf of Defendant-Intervenor Nucor Tubular Products Inc. ("Nucor Tubular"), we respectfully submit the following reply to the comments filed by Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Plaintiffs") concerning the remand redetermination issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand, *Garg Tube Export LLP et al. v. United States*, Court No. 20-00026, Slip Op. 22-18 (CIT Mar. 11, 2022) (June 9, 2022), ECF No. 98 ("Second Remand Redetermination"); Pls.' Comments on Second Remand Redetermination (July 11, 2022), ECF No. 100 ("Pls.' Second Remand Cmts."). Plaintiffs argue that Commerce's second remand redetermination, in which the agency found that no particular market situation ("PMS") existed in India during the period of review ("POR"), is supported by substantial evidence, in accordance with law, and consistent with the Court's remand instructions. Pls.' Second Remand Cmts. at 3-4. The Court should reject Plaintiffs' arguments.

Instead, as detailed in Nucor Tubular's comments on Commerce's second remand redetermination, in its remand opinion, the Court did not find that a PMS could not be found to exist in India, but rather that the agency "must demonstrate the existence of each market phenomenon and support its determination with substantial evidence." *Garg Tube Exp. LLP v. United States*, No. 20-00026, slip op. 22-18 (Ct. Int'l Trade Mar. 11, 2022), ECF No. 91 at 12; Def.-Int. Nucor Tubular's Comments on Final Results of Redetermination Pursuant to Ct. Remand (July 11, 2022), ECF No. 101 at 2 ("Nucor Tubular Second Remand Cmts."). Therefore, consistent with those instructions and the ample evidence on the underlying administrative record, Commerce should have fully considered the record evidence and found a PMS to exist in India. Nucor Tubular Second Remand Cmts. at 2.

Ct. No. 22-00026

Accordingly, for these reasons, as well as those provided in Nucor Tubular's comments on Commerce's second remand redetermination, Nucor Tubular respectfully requests that the Court once again remand to Commerce, instructing the agency to reconsider the record evidence, fully explain its reasoning, and find that a PMS existed in India during the POR.

        Respectfully submitted,

        */s/ Robert E. DeFrancesco, III*
        Alan H. Price, Esq.
        Robert E. DeFrancesco, III, Esq.
        Theodore P. Brackemyre, Esq.
        Paul A. Devamithran, Esq.

        **WILEY REIN LLP**
        2050 M Street NW
        Washington, DC 20036
        (202) 719-7000

        *Counsel to Nucor Tubular Products Inc.*

Dated:  August 17, 2022

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l)(b), the undersigned certifies that this submission complies with the word limitation requirement. The word count for Comments on Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 342 words.

   /s/ Robert E. DeFrancesco, III
(Signature of Attorney)

Robert E. DeFrancesco, III
(Name of Attorney)

Nucor Tubular Products Inc.
(Representative Of)

August 17, 2022
(Date)